IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NATHANIEL ADEL STEWART-EL, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PX-19-2823 |
| TROY D. BERRY, SERHIFF, *et al.*, | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM OPINION

Nathaniel Adel Stewart-El, a state inmate currently confined at Jessup Correctional Institution, brings this civil action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, along with unidentified Maryland common law claims, against "State Defendants" Jerome Spencer, Jeremy Widder; the Charles County State's Attorney Office and "County Defendants" Tory D. Berry, Sheriff John A. Riffle, Elizabeth J. Clark, S. Fulton, Terrell Hemsley, Pamela Dottelis, Charles County Detention Center and Charles County. *See* ECF No. 1. Stewart-El seeks monetary damages for Defendants' alleged deprivation of his rights. *Id*.

Both the County and State Defendants have moved to dismiss the Complaint. ECF Nos. 11, 13. The Court has informed Stewart-El that, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the failure to file a response in opposition to the Defendants' motions may result in dismissal of the Complaint. ECF Nos. 12 and 14. Stewart-El did not respond. The Court has reviewed the pleadings and finds a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2018). Defendants' Motions to Dismiss shall be granted.

### I.   Background

On November 27, 2009, deputies of the Charles County Sheriff's Office arrested Stewart-El for allegedly attempting to pass a counterfeit check. ECF No. 1, p. 2. According to the

Complaint, Charles County Sheriff's Deputy, John A. Riffle, approached Stewart-El inside Sam's Club West Warehouse and prevented Stewart-El from exiting the store. *Id.*, p. 6. Riffle requested to speak with Stewart-El, and Stewart-El felt compelled to comply. Stewart-El followed Riffle to an office within the store. *Id.*, p. 7. Riffle performed a pat down search of Stewart-El, placed the contents of Stewart-El's pockets on a filing cabinet, and questioned Stewart-El about the check he had presented in the store. *Id.* Stewart-El asked if he was free to leave. Riffle did not answer. Approximately 40 to 60 minutes later, Stewart-El was arrested. *Id.*, p. 8.

As Stewart-El was being escorted to Riffle's squad car, Riffle allowed Stewart-El to retrieve money from the glove compartment of Stewart-El's car. *Id.* Once at the Charles County Detention Center, officers inventoried Stewart-El's property and issued him two receipts—one for the cash and the other for the personal property in his possession. *Id.*

After formal charges were placed against Stewart-El, he was released from detention. However, the cash seized was not returned to him and his personal vehicle, which he had left in the Sam's Club parking lot, was seized by law enforcement and its contents searched. *Id.*, p. 9.

Ultimately, Stewart-El was convicted of the charges involving the forged check. At his sentencing held on January 16, 2013, Stewart-El sought return of the cash and property seized in connection with his arrest. The Assistant State's Attorney affirmed that "the States Attorney Office is not in possession of Mr. Stewart's property, nor does the State's Attorney Office have anything to do with Stewart's property" and that the proper course of action would be for Stewart-El to file a separate civil suit for replevin against the Sheriff's department. ECF No. 1, p. 17; ECF No. 1-4 at pp. 6-7.

On September 16, 2019, Stewart-El filed suit in this Court stemming from the allegedly illegal seizure and failure to return the cash personal property.[1]

## II. Standard of Review

In reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all facts pleaded in the Complaint and construes them in the light most favorable to the plaintiff. *See Venkatraman v. REI Sys., Inc.*, 417 F. 3d 418, 420 (4th Cir. 2005); *see also Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), unsupported legal conclusions, *Revene v. Charles Ct. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), and conclusory factual allegations devoid of any reference to actual events, do not suffice. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## III. Analysis

Defendants raise several independent grounds for dismissal, maintaining that the claims are time-barred and that the defendants are immune from suit. Defendants further maintain that Stewart-El has failed to state a claim for replevin. ECF No. 11. The County Defendants raise similar but not identical arguments. ECF No. 13. The Court need not tick through each

---

[1] The Complaint's affidavit of service is dated September 16, 2019, but the Complaint itself was not docketed with the Court on September 24, 2019. ECF No. 1. The discrepancy is not material to the Court's analysis.

independent ground for dismissal because all claims have been filed well beyond the applicable statute of limitations.

Stewart-El's claims, fairly read, raise civil rights violations brought pursuant to 42 U.S.C. §§ 1983 and 1985. As neither statute sets out a limitations period, the Court applies the period applicable to the most analogous state-law cause of action. *Owens v. Balt. City State's Attorney's Office* 767 F.3d 379, 388 (4th Cir. 2014); *Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 187 (4th Cir. 1999) ("It is well-settled that sections 1983 and 1985 borrow the state's general personal injury limitations period, which in Maryland is three years."); *see also* 42 U.S.C. § 1988(a) ("[I]n all cases where [the laws of the United States] are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies . . . the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil . . . cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause[.]"). Under Maryland law, "[a] civil action shall be filed within three years from the date it accrues unless another provision of the Code provides" otherwise. Md. Code Ann., Cts. & Jud. Proc. ("C.J.") § 5-101 (2020 Repl. Vol.). [2]

"Limitations statutes . . . are designed to (1) provide adequate time for diligent plaintiffs to file suit, (2) grant repose to defendants when plaintiffs have tarried for an unreasonable period of time, and (3) serve society by promoting judicial economy." *Georgia-Pacific Corp. v. Benjamin*, 394 Md. 59, 85, 904 A.2d 511, 526 (2006); *see Pierce v. Johns-Manville Sales Corp.*, 296 Md. 656, 665, 464 A.2d 1020, 1026 (1983). In Maryland, "[a]s a general rule, the party raising a statute of limitations defense has the burden of proving that the cause of action accrued prior to the

---

[2] To the extent Stewart-El intended to raise claims pursuant to 42 U.S.C. § 1986, that provision states that "no action . . . shall be sustained which is not commenced within one year after the cause of action has accrued."

statutory time limit for filing the suit." *Newell v. Richards*, 323 Md. 717, 725, 594 A.2d 1152, 1156 (1991).

Although the Maryland statute of limitations applies, when a cause of action has accrued is a federal question. *Nassim v. Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc) (citing *Cox v. Stanton,* 529 F.2d 47, 50 (4th Cir. 1975)); *see also McDonough v. Smith*, ⸺ U.S. ⸺, 139 S. Ct. 2149, 2155 (2019). "An accrual analysis begins with identifying 'the specific constitutional right' alleged to have been infringed." *McDonough*, 139 S. Ct. at 2155 (quoting *Manuel v. Joliet*, ⸺ U.S. ⸺, 137 S. Ct. 911, 920 (2017)). A claim accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nassim*, 64 F.3d at 955 (citing *United States v. Kubrick*, 444 U.S. 111, 122-24 (1979)); *see Parkway 1046, LLC v. U.S. Home Corp.*, 961 F.3d 301, 307 (4th Cir. 2020) (stating that a cause of action accrues when the plaintiff "has actual or constructive knowledge" of the claim). But accrual does not begin until the plaintiff has or should have ascertained "the critical facts that he has been hurt and who has inflicted the injury." *Kubrick*, 444 U.S. at 122 (discussing discovery rule in the context of the Federal Tort Claims Act, which requires notice to the government "within two years after such claim accrues"); *see also Gould v. U.S. Dep't of Health & Human Servs.*, 905 F.2d 738, 742 (4th Cir. 1990) (en banc) ("The clear import of *Kubrick* is that a claim accrues . . . when the plaintiff knows or, in the exercise of due diligence, should have known both the existence and the cause of his injury."); *Gilbert v. United States*, 720 F.2d 372, 374 (4th Cir. 1983).

The Complaint, viewed most favorably to Stewart-El, avers that the property in question was seized when he was arrested on November 27, 2009. The Complaint further makes clear that by January 2013, at his sentencing, Stewart-El knew that his property had not been returned and learned that the proper course of action was to file a civil suit. However, Stewart-El did

5

not pursue his claims until nearly six years later, in September 2019. Accordingly, the federal statutory claims must be dismissed as time barred.

As to the state common law claims, the Court declines to exercise supplemental jurisdiction. "When, as here, the federal claim is dismissed early in the case, the federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction." *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-727 (1966)). Those claims are dismissed without prejudice.

A separate Order follows.

12/17/20                                            /S/
Date                                                Paula Xinis
                                                    United States District Judge